UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
…………………………………………………··X
AMANDA GONZALEZ and CARLOS  :
DEJESUS, on behalf of themselves and all others :
similarly situated,     :   **COMPLAINT**
       :
    Plaintiffs,  :   **FLSA COLLECTIVE ACTION**
    v.    :   **& RULE 23 CLASS ACTION**
       :
WHANY LLC, RAN MAROM, OFER COHEN, :
and NIR LIWNAT COWEN,   :
       :
    Defendants.  :
…………………………………………………··X

  Plaintiffs and AMANDA GONZALEZ and CARLOS DEJESUS (collectively "Plaintiffs"), by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

  1.  Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, against Defendants WHANY LLC, RAN MAROM, OFER COHEN and NIR LIWNAT COWEN ("Defendants") to remedy violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq.  Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages including minimum wages and unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant the FLSA and other applicable federal law.

  2.  Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York Labor Law ("NYLL"), including NYLL § 190 et seq., § 650 et seq., and 12 NYCRR § 146.  Plaintiffs seek, for themselves and all other

similarly situated employees, declaratory and injunctive relief, unpaid wages including minimum wages, unpaid overtime, unpaid spread of hours pay, interest, reasonable attorneys' fees, liquidated damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663 and the supporting New York State Department of Labor regulations.

3.     Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of NYLL § 195(1)-(3).  Plaintiffs seek, for themselves and all other similarly situated employees, statutory damages, costs, and reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to the NYLL § 198(1-b) and (1-d).

## JURISDICTION AND VENUE

4.     Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6.     Plaintiff AMANDA GONZALEZ ("Plaintiff Gonzalez") resides in the County of Bronx in the State of New York.

7.      Plaintiff Gonzalez was employed by Defendants as a Server, as described herein, from in or about September, 2015 to June, 2016 approximately.

8.      Plaintiff CARLOS DEJESUS ("Plaintiff Dejesus") resides in the County of New York in the State of New York.

9.      Plaintiff Dejesus was employed by Defendants as a Server, as described herein, from in or about September, 2015 to September, 2016 approximately.

10.     Defendant WHANY LLC is a New York Limited Liability Company registered in the State of New York with its principal place of business in the County of Manhattan at 125 MacDougal Street, New York, New York 10012.

11.     Defendant RAN MAROM ("Defendant MAROM") is the owner, manager, and/or operator of Defendant WHANY, LLC.

12.     Defendant MAROM had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendant WHANY LLC., including Plaintiffs and others similarly situated, and regularly supervised Plaintiffs and the other employees working at Café Wha?.

13.     Defendant OFER COHEN ("Defendant COHEN") is the owner, manager, and/or operator of Defendant WHANY, LLC.

14.     Defendant COHEN had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendant WHANY LLC., including Plaintiffs and others similarly situated, and regularly supervised Plaintiffs and the other employees working at Café Wha?.

15.     Defendant NIR LIWNAT COWEN ("Defendant COWEN") is the owner, manager, and/or operator of Defendant WHANY, LLC.

16.     Defendant COWEN had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendant WHANY LLC., including Plaintiffs and others similarly situated, and regularly supervised Plaintiffs and the other employees working at Café Wha?.

17.     Defendants grossed more than $500,000.00 in each of the last six calendar years.

18.     At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

19.     At all times relevant hereto, Defendants employed employees, including Plaintiffs and the FLSA Collective Action Members, who were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

20.     At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

21.     At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).  At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiffs and each of the FLSA Collective Plaintiffs and the members of the Class.

**FACTUAL ALLEGATIONS**

22.     Defendants operate what they call a "historic music venue" named Café Wha? at 115 MacDougal Street in Greenwich Village.

4

23.    In addition to having presented numerous musicians and comedians over the years - including but not limited to Bob Dylan, Jimi Hendrix, Bruce Springsteen, Woody Allen, Lenny Bruce, Joan Rivers, and others – Defendants claim that their  "Café Wha? House Band wows audiences six nights a week playing all styles of popular music from classical oldies, to funk and R&B and even contemporary pop and rock hits".[1]

24.    Defendants advertise that they offer "a full bar along with a delicious dining menu open until the wee hours of the morning".[2]

25.     To serve their food and drinks, Defendants employed numerous servers, bartenders, and runners/bussers, including the Plaintiffs, members of the FLSA Collective, and the Class Members.

## HOURS OF WORK & PAYRATES

26.    Defendants employed Plaintiffs, members of the FLSA Collective, and the Class Members to work multiple shifts each week.

27.    Each shift lasted between nine and twelve hours, starting from between 4:30 to 7:30 PM and lasting until between 3:30 to 5:00 AM, or later.

28.    Plaintiff Gonzalez regularly worked six days a week, Tuesday through Sunday. Her only off day was Monday.

29.    Plaintiff DeJesus regularly worked five or six days a week.  His only regular off day was Monday.

30.    In addition to working Defendants' regularly scheduled shows, Plaintiffs Gonzalez and DeJesus also worked special/private catered events.

---

[1] http://www.cafewhaweddings.com/about-us - accessed October 18, 2017.
[2] http://cafewha.com/Dining - accessed October 18, 2017

31.    At all times relevant hereto, Defendants paid Plaintiffs and the FLSA Collective and Class Members at the tipped minimum hourly wage rates for some - but not all - of the hours that they worked for Defendants.

## OFF-THE-CLOCK VIOLATIONS

32.    In an effort to avoid paying wages and/or overtime, Defendants regularly instructed Plaintiffs, the FLSA Collective and the Class Members to work off-the-clock.

33.    Defendants' management regularly instructed Plaintiffs, the FLSA Collective and the Class Members to clock out when the last customers left, at which time the bar closed.

34.    Despite having clocked out, Plaintiffs, the FLSA Collective and the Class Members continued working for approximately one hour, or longer, each night before they were allowed to leave.

35.    Plaintiffs, the FLSA Collective and the Class Members were not compensated for all of the time they worked for Defendants.

36.    Defendants knew that members of the Class and FLSA Collective were routinely working off-the-clock and, in an attempt to avoid paying wages and/or overtime, turned a blind eye to said violations.

## MINIMUM WAGE VIOLATIONS

37.    Defendants did not inform Plaintiffs, the FLSA Collective or the Class Members, of the tipped minimum wage or tip credit provisions of the FLSA, 29 U.S.C. 203(m).

38.    Defendants also failed to provide written notice to Plaintiffs, and the Class Members, of their pay rates, tip credit and pay day, as required by 12 NYCRR 146-2.2.

39.    As such, Defendants were not eligible for, and could not have taken advantage of, the tip credit provisions of the FLSA or the NYLL.

40.     Plaintiffs, the FLSA Collective, and the Class Members are therefore entitled to the full minimum wages for all of the hours they worked for Defendants.

<u>"SIDE WORK" MINIMUM WAGE VIOLATIONS</u>

41.     In a blatant and illegal attempt to save themselves hundreds of dollars a week in labor costs, Defendants maintained and enforced a company-wide policy mandating that Plaintiffs, the FLSA Collective, and the Class Members perform a substantial amount of non-tipped "side work" – which work was in in excess of two hours and/or twenty percent (20%) of their daily shifts – without paying them the full minimum wage for this time - in violation of the FLSA and 12 NYCRR 146-2.9.

42.     Instead of hiring sufficient cleaning, maintenance and kitchen staff – because they would have had to have been paid at the <u>full</u> minimum hourly wage rates – Defendants assigned Plaintiffs, the FLSA Collective, and Class Members, who were always paid at the <u>tipped</u> minimum wage hourly rates, to perform many hours of non-tipped "side work", including cleaning, maintenance and kitchen staff work, as set forth below.

43.      Plaintiffs, the FLSA Collective, and the Class Members often spent more than two hours and/or twenty percent (20%) of their daily shifts performing non-tipped "side work". This non-tipped "side work" including but was not limited to the following tasks:

Cleaning tables, cleaning side areas, cleaning the coat-check area, drying, cleaning and polishing silverware, steaming, drying, cleaning and polishing glassware, folding napkins, making sure silverware drawers are stocked, rolling silverware, loading and unloading glasses from the dishwasher, loading and unloading the dishwashers, ensuring that napkins, sauces, and ketchups were refilled/stocked, filling salt and pepper shakers, filling red-pepper dispensers, filling oil/vinegar bottles, stocking candies, preparing and

pre-slicing cakes for dessert, cutting fruit for garnish, garnishing drinks, filling ice buckets, filling candle holders with water, lighting them up, and putting them on the tables, setting tables, restocking bread-plates, glasses, silverware and other items, cleaning up and putting away dirty dishes, sweeping floors, cleaning up spills including broken glass and glassware, counting deposits, cleaning the soda dispenser and drink station, cleaning the computer area, polishing/cleaning/dusting the pictures and other wall décor, decorating the restaurant for the different holiday seasons and parties, stocking/filling printer paper, spraying and wiping down the tables, moving chairs, picking them up, and putting them on the tables, sweeping underneath the tables, cleaning the condiment refrigerator, and other tasks assigned by management.

44.     During the many hours spent doing the above various types of non-tipped "side work" – which regularly exceeded two hours and/or twenty percent (20%) of their daily shifts - Defendants compensated Plaintiffs, the FLSA Collective, and Class Members at the tipped minimum wage rates *rather* than at the full hourly minimum wage rates required by 29 U.S.C. § 201, *et seq.* and 12 NYCRR 146-2.9.

## NOTICE VIOLATIONS

45.     The Defendants failed to furnish to the Plaintiffs and the Class Members, at their times of hiring, the notices required by NYLL 195(1).

46.     Defendants provided pay statements to Plaintiffs and the members of the Class that did <u>not</u> include an accurate number of hours worked.

47.     The pay statements that Defendants provided to Plaintiffs and the members of the Class included the number of regular and overtime hours <u>paid</u>, not the number of regular and overtime hours actually <u>worked</u>, as required by the NYLL.

8

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiffs bring the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly tipped employees who were employed by Defendants on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case.  All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

49.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendants' common policies and practices of  willfully violating the Fair Labor Standards Act as set forth in this complaint.  The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

50.     Other hourly tipped employees currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide other hourly tipped employees notice of the action and allow them to opt in to such an action if they so choose.

51.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW

52.     Plaintiffs bring the Second and Third Causes of Action pursuant to Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, unpaid spread of hours pay, liquidated damages, and statutory damages on behalf of a class of all individuals employed by Defendants as hourly tipped employees on or after the date that is six years before the filing of the original Complaint in this case until the present (the "Class Period").  All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

53.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants.  The dates of employment and the rates of pay for each Class Member, the hours assigned, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

54.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are well over forty members of the Class.

55.     Plaintiffs' claims are typical of the claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not properly compensated for all hours worked up to forty hours and for spread of hours pay and for all overtime hours worked.  Moreover, all of the Class members were subject to Defendants' policies of failing to give the Class Members the required tip notices and NYLL §195(1) forms at their hiring and of including the number of hours compensated rather than the number of actual hours worked on their pay statements in violation of NYLL § 195(3).

Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

56.     As fellow employees of Defendants, which failed to compensate Plaintiffs and the Class Members as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

57.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation who have many times previously represented plaintiffs in wage and hour class cases.

58.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The

prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

59.     Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

60.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including:

a       Whether Defendants failed to pay Class Members the required minimum wages, in violation of NYLL § 652 and 12 NYCRR § 146-1.2. for all hours worked;

b       Whether Defendants failed to pay Class Members one and one half times their regular hourly rates, as required by 12 NYCRR § 146-1.4, for all hours worked in excess of forty (40) in a workweek;

c       Whether Defendants paid spread of hours premium to the Class Members for all days on which the Class Members' spread of hours exceeded ten (10) hours, as required by 12 NYCRR § 146-1.6;

        d        Whether Defendants provided written notices of pay rates, tip credit, and pay day to the Class as required by 12 NYCRR § 146-2.2 and NYLL § 195(1); and

        e        Whether the pay statements that Defendants issued to the Class violated NYLL § 195(3).

61.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants shall retain the proceeds of its violations of the NYLL.

## FIRST CAUSE OF ACTION

### (Fair Labor Standards Act, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

62.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

63.     Plaintiffs consent in writing to be parties to this action under 29 U.S.C. § 216(b). See Exhibit "A" attached hereto.

64.     At all times relevant hereto, the Plaintiffs and the FLSA Collective Plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

65.     The Defendants willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the Plaintiffs and the FLSA Collective Plaintiffs the minimum wages applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

66.     The Defendants willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the Plaintiffs and the FLSA Collective Plaintiffs at a rate not less than one and one-half times their regular rates of pay for all work performed in excess of forty hours in a workweek.

13

67.     Defendants are liable to the Plaintiffs and the FLSA Collective Plaintiffs for unpaid and underpaid (1) minimum wages, and (2) overtime compensation.

68.     The Plaintiffs and the FLSA Collective Plaintiffs are further entitled to recover of the Defendants an  equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

69.     At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the minimum wages and overtime compensation owed to their employees for all of their hours worked, including hours worked in excess of forty hours per workweek.

70.     At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutorily required minimum wages and overtime rates for all hours worked in excess of forty (40) hours per workweek.

71.     Defendants' violation was willful and a three year limitations period should apply under 29 U.S.C. § 255(a).

72.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid minimum wages and overtime compensation, liquidated (double) damages as provided by the FLSA, pre-and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

### (NYLL - Failure to Pay Minimum Wages & Spread of Hours Pay & Overtime Wages, Brought by Plaintiffs on Behalf of Themselves and the Class)

73.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

74.      At all relevant times, Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL §651(5)–(6) and 12 NYCRR § 146-3.2.

75.      It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

76.      It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

77.      Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members the required minimum wages for all hours worked <u>and</u> for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

78.      The Defendants violated and are violating the Plaintiffs' and the Class Members' rights by failing to pay or  underpaying Plaintiffs and the Class Members the required minimum wages, in violation of N.Y. Lab. Law § 652 and 12 NYCRR § 146-1.2.

79.      The Defendants violated and are violating the Plaintiffs' and the Class Members' rights by failing to pay or  underpaying Plaintiffs and the Class Members the required overtime wages, in violation of NYCRR § 146-1.4.

80.      The Defendants violated and are violating the Plaintiffs' and the Class Members' rights by failing to pay or  underpaying Plaintiffs and the Class Members the required spread of hours pay, in violation of NYCRR § 146-1.6.

81.       Defendants' failure to pay the Plaintiffs and the Class Members the foregoing amounts timely is a violation of  NYLL § 191.

82.       By NYLL §§ 198(1-a) and 663(1), the Defendants are liable to the Plaintiffs and

the Class Members for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and (3) spread-of-hours wages.

83.    The Plaintiffs and the Class Members are further entitled to recover of the Defendants liquidated damages, pursuant to the Wage Theft Prevention Act, NYLL § 198(1-a) and the Minimum Wage Act, NYLL § 663(1).

84.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

85.    Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid minimum wages, unpaid overtime compensation, spread of hours pay, liquidated damages, prejudgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

### (Wage Theft Prevention Act, Brought by Plaintiffs on Behalf of Themselves and the Class)

86.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

87.    The Defendants failed to furnish to the Plaintiffs and the Class Members, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical

address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, NYLL § 195(1) and NYCRR § 146-2.2.

88. The Defendants failed to furnish to the Plaintiffs and the Class Members with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and NYCRR § 146-2.3.

89. Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiffs and the Class Members statutory damages as specified by NYLL § 198(1-d).

90. Plaintiffs, on behalf of themselves and the Class Members, seek statutory damages as specified by NYLL § 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and the Class Members, pray for relief as follows:

(a)    Certification of this action as a collective action as it relates to the first Cause of Action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency

of this action and permitting them to assert timely FLSA claims in this action by

filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Designation of the Plaintiffs and their counsel to represent the FLSA Collective

Plaintiffs;

(c)    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 as it

relates to the Second and Third Causes of Action;

(d)    Certification of Plaintiffs as class representatives and designation of Plaintiffs'

counsel as class counsel;

(e)    An award of unpaid minimum wages, overtime compensation, and spread of

hours pay, according to proof, including FLSA and NYLL liquidated damages,

and interest, to be paid by Defendants;

(f)    Statutory damages under NYLL § 198(1-b) and (1-d) for violations of NYLL §

195(1) and (3);

(g)    Costs of action incurred herein, including expert fees;

(h)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663;

(i)    Pre-Judgment and post-judgment interest, as provided by law; and

(j)    Such other and further legal and equitable relief as this Court deems necessary,

just and proper.

## JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and Class

Members, demand a trial by jury on all causes of action and claims with respect to which they

have a right to a jury trial

18

Dated: October 9, 2017

HARRISON, HARRISON & ASSOCIATES, LTD.

_____/s/DAVID HARRISON_____
David Harrison, Esq.
nycotlaw@gmail.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorneys for Plaintiffs and the Proposed FLSA
Collective and Class Members*

# EXHIBIT "A"

I am a current or former employee of WHANY and/or related entities/individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

DocuSigned by:

_Carlos Dejesus_

DDF7948E4A224B1...

_____
Signature

Carlos Dejesus

_____
Full Legal Name (print)

5/8/2017

I am a current or former employee of WHANY and/or related entities/individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

_____
Signature

Amanda Gonzalez

_____
Full Legal Name (print)